UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,                    Case No. 3:20-cv-00039-AC

                          Plaintiff,                                    FINDINGS AND
          v.                                                      RECOMMENDATION

JUAN AGUILAR-ROMERO,

                          Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

        Plaintiff United States of America ("Government") alleges defendant Juan Aguilar-
Romero ("Aguilar-Romero") illegally procured his naturalization by willfully misrepresenting and
concealing material facts during the naturalization process under 8 U.S.C. § 1451(a).    Before the
court is the Government's motion to amend ("Motion") the original complaint ("Complaint") to
reflect Aguilar-Romero's post-conviction relief from the Polk County Circuit Court ("Circuit
Court").    The Circuit Court filed an amended judgment voiding Aguilar-Romero's pre-

Page 1  – FINDINGS AND RECOMMENDATION

naturalization convictions for attempted sodomy of a child between 1997 and 1998. The Complaint relies on these voided pre-naturalization convictions. Thus, the Government moves to file its first amended complaint ("FAC") in response to Aguilar-Romero's amended judgment. Aguilar-Romero opposes the Motion, arguing amendment would be futile. He argues the FAC relies on a police report that is unreliable double hearsay, and the Government could have provided an affidavit or declaration from the victim to support its allegations and did not.

The court finds amendment would not be futile because at the pleading stage the Government must only plead facts; it need not produce admissible evidence or prove its allegations. Accordingly, the Motion should be granted and the Government directed to file the proposed FAC.

*Background*

I.  Complaint

   *A.  Immigration History*

The Government sued to revoke Aguilar-Romero's naturalized United States citizenship under 8 U.S.C § 1451. (Compl., ECF No. 1, ¶ 1.) Aguilar-Romero entered the United States without inspection or admission in 1991 and became a lawful permanent resident by marrying his United States citizen wife in 1997. (Compl. ¶ 9.) On October 28, 2002, Aguilar-Romero submitted his N-400 Application for Nationalization ("N-400") with the Immigration and Naturalization Service ("INS"). (Compl. ¶ 10.) Aguilar-Romero signed the N-400, certifying under the penalty of perjury that his application was true and correct. (Compl. ¶ 10.) Question fifteen of part ten in the N-400 asked, "Have you **EVER** committed a crime or offense for which you were NOT arrested?", and Aguilar-Romero answered "No." (Compl. ¶ 11.) Question

twenty-three of part ten in the N-400 asked, "Have you **EVER** given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" and Aguilar-Romero answered "No."   (Compl. ¶ 12.)

On March 26, 2003, United States Citizenship and Immigration Services Officer Jalal Faks placed Aguilar-Romero under oath and interviewed him about his N-400 to determine his eligibility for naturalization.   (Compl. ¶ 13.)   After the interview, in which Aguilar-Romero confirmed his answers to questions fifteen and twenty-three, Aguilar-Romero signed his naturalization application, attesting that all the information in his N-400 was true and correct. (Compl. ¶ 17.)   Aguilar-Romero did not disclose at any point during the naturalization process that he had committed criminal sexual conduct for which he had not yet been arrested.   (Compl. ¶ 18.)   Based on Aguilar-Romero's application, sworn testimony, and the approval of his N-400, Aguilar-Romero took the oath of allegiance on September 25, 2003, and was issued a Certification of Naturalization.   (Compl. ¶ 20.)

*B.  Criminal History*

On March 22, 2006, the State of Oregon charged Aguilar-Romero in a five-count indictment, including: (1) Sexual Abuse in the First Degree – victim under fourteen years old ("Count I"); (2) two counts of Attempted Sodomy in the First Degree – for unlawfully and intentionally attempting to have deviate sexual intercourse with a child under the age of twelve years occurring on or between November 17, 1997 to November 16, 1998 ("Count II") and November 17, 1998 to November 16, 1999 ("Count III"); (3) Sodomy in the First Degree – Forcible, for conduct occurring on or between November 17, 2003 and November 16, 2004

("Count IV"); and Sexual Abuse in the First Degree – Forcible, for conduct occurring on or between November 17, 2003 and November 16, 2004 ("Count V").    (Pl.'s Mot., ECF No. 23 ("Mot."), at 4.)    On November 20, 2006, Aguilar-Romero pleaded guilty to Count II and Count III.    (Compl. ¶ 23.)    In his plea agreement, Aguilar-Romero admitted to "attempting penile/anal contact" with a child who was under the age of twelve at the time of the crimes.    (Compl. ¶ 23.) On November 21, 2006, the Circuit Court convicted Aguilar-Romero based on his plea agreement and sentenced him consecutively to eighteen months' incarceration on Count II and thirty-eight months' incarceration on Count III.    (Compl. ¶¶ 24-25.)

On March 10, 2020, after the Government filed the Complaint on January 9, 2020, Aguilar-Romero petitioned the Circuit Court for post-conviction relief and requested an amended judgment.    (Mot. at 4-5.)    On September 21, 2020, the Circuit Court granted Aguilar-Romero's petition and amended the judgment.    (Mot. at 5-6.)    Pursuant to the amended judgment, the Circuit Court voided Count II and Count III for events that occurred on or about November 1997 and November 1998, and convicted Aguilar-Romero on Count IV and Count V for events that occurred on or about November 17, 2003.    (Mot. at 5.)

II.    Motion to Amend

On December 23, 2020, the Government moved to amend the Complaint in response to Aguilar-Romero's amended judgment.    (Mot. at 7.)    First, the Government's FAC removes reliance on Aguilar-Romero's voided pre-naturalization convictions for attempted sodomy of a minor between 1997 and 1998 charged in Count II and Count III.    (Mot. at 7.)    Second, the Government removes reliance on Count I because that count relies on Aguilar-Romero's voided pre-naturalization convictions.    (Mot. at 7.)    Third, the Government adds factual allegations that

Aguilar-Romero sodomized and sexually abused a minor under the age of sixteen in 2003 before he became a naturalized citizen.    (Mot. at 7.)

Aguilar-Romero opposes the Motion, arguing amendment would be futile[1] because the Government cannot rely on the police report for Aguilar-Romero's pre-naturalization conduct because it is unreliable double hearsay.    (Def.'s Opp'n to Pl.'s Mot. for Leave to File First Amended Compl., ECF No. 25 ("Opp'n"), at 2-3.)    Aguilar-Romero also argues the Government could have provided an affidavit or declaration from the victim to support the amendment but did not.    (Opp'n at 3.)

*Legal Standard*

Federal Rule of Civil Procedure ("Rule") 15 instructs that leave to amend "shall be freely given when justice so requires." *Segal v. Rogue Pictures*, 544 F. App'x 769, 770 (9th Cir. 2013) (citation omitted); FED. R. CIV. P. 15(a)(2) (2020) ("The court should freely give leave when justice so requires.").    If the underlying facts or circumstances upon which a party relies may be a proper subject of relief, then that party should be afforded an opportunity to test its claim on the merits and to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962).    Rule 15 is to be applied with "extreme liberality," but a motion to amend is not automatically granted. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).    The court may deny leave to amend upon consideration of several factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[1] Aguilar-Romero did not oppose the Motion on any other ground than futility.    The court will not address the other factors because Aguilar-Romero has conceded them by not addressing them. *See Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) (finding plaintiff's failure to respond to defendant's argument a concession through silence).

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman*, 371 U.S. at 182).

Futility alone can justify the denial of a motion to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amendment is futile if the plaintiff could not allege a set of facts that would constitute a claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The amended complaint must simply plead facts sufficient to plausibly state a claim. *Id.* A plaintiff "should be afforded an opportunity to test its claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under FRCP 12(b)(6)." *Ionian Corp. v. Country Mut. Ins. Co.*, No. CV-10-199-ST, 2010 WL 11580100, at *2 (D. Or. June 23, 2010) (citing *Miller*, 845 F.2d at 214.)

*Discussion*

Aguilar-Romero argues the proposed amendment would be futile because the FAC relies on a police report that is unreliable double hearsay, and the Government could have provided an affidavit or declaration from the victim to support its allegations and did not. (Opp'n at 2-3.) The proposed amendment is not futile because at the pleading stage a plaintiff need not produce evidence to support a complaint, but only plead facts.

I.  The Police Report is Part of the Pleading

The police report referred to and attached to the FAC as "Exhibit 5" is part of the FAC for all purposes. *See* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). On a motion to dismiss, the court may

"generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir. 2007) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)); *see also Markham v. Cty. of Pima*, 821 F. App'x 716, 719 (9th Cir. 2020) ("The district court did not err in considering [Pima County Sheriff's Department's] DUI policy, a written instrument that was attached to [plaintiff's] complaint, in evaluating the County's motion to dismiss . . . [Plaintiff] attached a copy of the policy to his own complaint, making it part of the pleadings.").    When ruling on a motion to dismiss, the court accepts "all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Id.* (citing *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)).

In *Nelson v. Jackson County*, Civ. No. 09-03095-PA, 2010 WL 3893964, at *3 (D. Or. Sep. 29, 2010), plaintiff attached an investigative report, titled it "Attachment B," from his attorney's files to the amended complaint, which detailed an interview with the plaintiff and included portions of a police report.    *Id.*    The court held "Attachment B" was a part of the amended complaint. *Id.*    As did the plaintiff in *Nelson*, here the Government attached the police report to the FAC as "Exhibit 5."    Thus, as in *Nelson*, the police report is part of the Government's proposed FAC for all purposes.

II.    <u>Hearsay is Not a Sufficient Basis to Oppose a Motion to Amend by Alleging Futility</u>

Futility alone justifies denying leave to amend, but "'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"    *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1393 (9th Cir. 1997)); *Bonin*, 59 F.3d at 845.    Thus, the

court evaluates futility under the same standard used for a Rule 12(b)(6) motion to dismiss. *Fulton v. Advantage Sales & Mktng., LLC*, No. 3:11-cv-01050-MO, 2012 WL 5182805 at *2 (D. Or. Oct. 18, 2012); *Miller*, 845 F.2d at 214. When faced with a Rule 12(b)(6) motion to dismiss, the district court should conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). First, the court should separate the factual and legal elements of a claim, and it must accept all of the complaint's well-pleaded facts as true. *Id.* Second, the court must "determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id.*; *see also Iqbal*, 556 U.S. at 678. A plausible claim has "factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court does not, however, assess the sufficiency of evidence a plaintiff has or will put forth to support her claim. *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 378 (S.D.N.Y. 2006). Rather, the court must accept all of the plaintiff's factual assertions underlying her claim as true and all reasonable inferences drawn in her favor. *Id.* The fact that a pleading relies on hearsay does not warrant dismissal because "all pleadings on information and belief are hearsay." *Connolly v. Wood-Smith*, No. 11 CIV. 8801 DAB JCF, 2012 WL 7809099, at *6 (S.D.N.Y. May 14, 2012), *report and recommendation adopted as modified*, No. 11 CIV. 8801 DAB JCF, 2013 WL 1285168 (S.D.N.Y. March 28, 2013); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000). Plaintiffs are "only required to plead facts, not to produce admissible evidence." *Id.* at 1272. *See also, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) (At the motion to dismiss stage,"'[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'"); *Johnson*

Page 8 – FINDINGS AND RECOMMENDATION

*v. Medisys Health Network*, No. 10 CV 1596, 2011 WL 5222917, at *6 (E.D.N.Y. June 1, 2011)

("A motion to dismiss . . . tests the legal, not the factual, sufficiency of a complaint."); *Prince*, 427

F. Supp. 2d at 378 (On a motion to dismiss pursuant to Rule 12(b)(6), the court held "[i]t is

impossible and inappropriate to determine at this point in the litigation how [plaintiff] might go

about proving the truth of the comments allegedly made by [defendants].   Rather, as stated, the

allegations must be accepted as true.   Accordingly, it is inappropriate at this stage to consider

whether or not the factual support underlying [plaintiff's] claim . . . constitutes hearsay." (internal

citation omitted)).

      Thus, on a motion to amend, pleadings do not require admissible evidence.   *In re*

*Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1004 (N.D. Cal. 2008); *see also*, *Guzman v.*

*Mana*, No. CV 17-2551, 2018 WL 10150989, at *2 n.2 (D.N.J. Dec. 6, 2018) (On a motion to

dismiss the plaintiff's second amended complaint ("SAC") for failure to state a claim under a Rule

12(b)(6) motion to dismiss, the court held whether the SAC contained alleged inadmissible and

unreliable hearsay statements is irrelevant because "at the motion to dismiss stage, the [c]ourt is

required to accept all factual statements as true in order to 'test the legal sufficiency of the

complaint.'").   In *Sosa v. Grillo*, No. 3:12cv1724, 2014 WL 359673, at *12 (M.D. Pa. Feb. 3,

2014), plaintiff claimed defendant violated the Eighth Amendment by kicking him while he was

unconscious.   Defendant filed a Rule 12(b)(6) motion to dismiss the plaintiff's third amended

complaint ("TAC") arguing plaintiff failed to state an excessive force claim upon "which relief

[could] be granted because [plaintiff] base[d] his claim on inadmissible double hearsay."   *Id.*

The plaintiff's TAC relied on plaintiff's cellmate telling him that another inmate saw defendant

kicking plaintiff in the legs while he laid on the ground unconscious.   *Id.*   The court recognized

the statements were hearsay and held while "[plaintiff] cannot use hearsay to prove his claim, [plaintiff] does not have to prove his claim at the pleading stage . . . [W]hile [plaintiff] cannot rely on hearsay at the summary judgment or trial stages of the case, at the pleading stage, the allegations" are sufficient to support the plaintiff's contention defendant kicked him.    *Id.*

Here, Aguilar-Romero's arguments are contrary to the standard for pleadings upon a motion to amend, because plaintiffs must only plead facts, not support those allegations with admissible evidence.    *See In re McKesson HBOC, Inc.*, 126 F. Supp. 2d at 1272.    Thus, alleged inadmissible hearsay statements within a pleading do not alone result in futility because the court must accept all factual statements as true.    *See Guzman*, 2018 WL 10150989, at *2 n.2.    As did the plaintiff in *Sosa*, Aguilar-Romero here alleges the police report relied on by the Government in the proposed FAC is unreliable double hearsay.    (Opp'n at 2-3).    But in *Sosa*, the court held that although the plaintiff's hearsay statements could not be used to support or prove a claim at the summary judgment stage or trial, the plaintiff could use the hearsay statements at the pleading stage, in the TAC, because the plaintiff did not have to prove his claim at the pleading stage. *Sosa*, 2014 WL 359673, at *12.

Like the plaintiff in *Sosa*, the Government can use the police report referenced in and attached as an exhibit to the FAC to support the its allegations that Aguilar-Romero illegally procured his naturalization by willfully misrepresenting and concealing material facts during the naturalization process.    Additionally, and contrary to Aguilar-Romero's assertion, the Government is not required to produce admissible evidence to support the FAC by providing witness affidavits or declarations.    Hearsay is not a sufficient basis upon which to oppose a motion to amend under Rule 15.    Accordingly, the Motion should be granted.

Page 10  – FINDINGS AND RECOMMENDATION

*Conclusion*

The Government's motion (ECF No. 23) to amend should be GRANTED.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due within seventeen (17) days.   If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections.   When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 3rd day of May, 2021.

JOHN V. ACOSTA
United States Magistrate Judge

Page 11  – FINDINGS AND RECOMMENDATION